IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JESSICA MATTIE LEE WOMACK, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV145 |
| | ) | |
| V. | ) | |
| | ) | |
| MOULTON COLLEGE, and | ) | **MEMORANDUM** |
| ACTIVATE LEARNING, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## SUMMARY OF COMPLAINT

Plaintiff initiated this action against Moulton College and Activate Learning on April 6, 2016. (Filing No. 1.) Plaintiff alleges that she entered into a written employment contract with Defendants on August 7, 2015, and that Defendants breached the contract. Liberally construed, the Complaint suggests that Plaintiff was employed by Defendants as a teacher. Plaintiff seeks damages in the amount of $261,283.00, which represents the unpaid potion of her employment package.

## APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief

from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

**DISCUSSION**

Liberally construed, Plaintiff has asserted cognizable claims against Defendants for breach of an employment contract. In particular, Plaintiff claims Defendants breached the employment contract by, among other things, refusing to reimburse her for certain work-related expenses, failing to compensate her in a timely manner, and refusing to pay Plaintiff the remainder of her salary due under the contract.

It appears the court has subject-matter jurisdiction over this action. Plaintiff alleges subject-matter jurisdiction exists pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. Under § 1332, federal district courts have original jurisdiction over actions involving "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a). In addition, for diversity

jurisdiction to exist, the amount in controversy must be greater than $75,000.00. *Id*. Plaintiff alleges that she is a Nebraska resident. Plaintiff also alleges that Defendants' corporate addresses are in England and that Defendants are incorporated under the laws of the United Kingdom. Plaintiff seeks damages in excess of $75,000.00. Accepting these allegations as true, diversity jurisdiction exists. Accordingly, the court will allow this matter to proceed to service of process.

IT IS ORDERED:

1. The clerk's office is directed to complete summons forms and USM-285 forms using the addresses provided by Plaintiff in the Complaint (Filing No. 1), and forward them and a copy of this Memorandum and Order to the Marshals Service.

2. The clerk's office shall also complete a USM-94 form for each Defendant to request service in accordance with the provisions of sub-paragraph (a) of the first paragraph of Article 5 of the Hague Convention. (*See* USM-94 form, Check Box (a)). The address of the receiving authority on the USM-94 forms should be listed as follows: The Senior Master, Queen's Bench Division, Royal Courts of Justice, Strand, London WC2A 2LL.

3. The clerk's office shall provide duplicate copies of each of the completed USM-94 forms, and a total of four copies of Plaintiff's Complaint (Filing No. 1), to the United States Marshal.

4. The United States Marshal shall sign the USM-94 forms and mail all the USM-94 forms, summonses, and four copies of the Complaint to the receiving authority by international air mail at the following address: The Senior Master, Queen's Bench Division, Royal Courts of Justice, Strand, London WC2A 2LL.

5. The Clerk of Court is directed to set a case management deadline in this case with the following text: "October 26, 2016: Check for completion of service."

6. Pursuant to this Memorandum and Order directing service, and at the direction of the court, this case is removed from the pro se docket. The clerk's office shall randomly assign new judges to this case and request a reassignment order from Chief District Court Judge Laurie Smith Camp.

DATED this 27th day of July, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge